**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

LUCIO ZUNIGA CARDOSO,

     Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, S.I.,

     Defendant.

---

**NOTICE OF REMOVAL**

---

Defendant American Family Mutual Insurance Company, S.I. ("American Family"), through undersigned counsel, Quintairos, Prieto, Wood & Boyer, P.A., submits this Notice of Removal to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, American Family states as follows:

1.     On May 11, 2026, Plaintiff Lucio Zuniga Cardoso filed a Complaint against American Family Mutual Insurance Company—the improperly named defendant entity—in the District Court for the County of Denver, Colorado, captioned, *Lucio Zuniga Cardoso v. American Family Mutual Insurance Company,* No. 2026CV31682. According to Plaintiff's Return of Service, American Family's registered agent was served on May 13, 2025 (**Exhibit A**). This Notice of Removal is filed within the thirty-day requirement under 28 U.S.C. § 1446(b).

2.    "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a)(1).

3.    This Court has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b) because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.    Removal is appropriate here because there is complete diversity between the parties. "For purposes of federal jurisdiction, an individual's state citizenship is equivalent to domicile. To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Smith v. Cummings*, 445 F.3d 1254, 1259–60 (10th Cir. 2006). Courts are to consider the "totality of the circumstances" to determine a party's domicile. *Middleton v. Stephenson*, 749 F.3d 1197, 1200-01 (10th Cir. 2014). Courts may consult various factors when ascertaining a party's domicile, including: "the party's current residence; voter registration and voting practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of

[2]

employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity." *Foley v. Cordillera Golf Club, LLC*, No. 12-cv-0351-WJM-KMT, 2012 U.S. Dist. LEXIS 48108, at *13 (D. Colo. Apr. 5, 2012) (quoting 13E Charles Wright, Arthur Miller & Edward Cooper, Federal Practice and Procedure § 3612 (2009)).

5.      Here, the Complaint states that Plaintiff "at all times material hereto, resided at 1790 S NORFOLK ST, AURORA, CO 800017." (Complaint, ¶ 1). Moreover, public records show that Plaintiff resides in Colorado and has a Colorado driver's license. (**Exhibit B**, LexisNexis Report). Accordingly, Plaintiff is domiciled in the State of Colorado.

6.      For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, . . ." 28 U.S.C. § 1332(c)(1). American Family is a Wisconsin corporation with their principal place of business in Wisconsin.

7.      No change in citizenship of the parties has occurred since the commencement of this action. Under 28 U.S.C. § 1332(a), there is complete diversity of citizenship between Plaintiff and American Family.

8.      This Court has diversity jurisdiction where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1224 (10th Cir. 2001). The amount in controversy must be determined by the allegations contained in the complaint or, if not dispositive, by the allegations in the notice of removal. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). Where

[3]

the complaint is inconclusive regarding the amount of damages sought, the Court may look to other sources to demonstrate jurisdictional facts, including "contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence . . . about how much it would cost to satisfy the plaintiff's demands." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541–42 (7th Cir. 2006)).

9.      The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

10.      Plaintiff seeks damages from alleged injuries sustained as a result of a wind/hail loss on June 4, 2023. Plaintiff also seeks damages for an amount of two times the covered benefits, as well as attorneys' fees and costs under C.R.S. §§ 10-3-1115 and -1116.

11.      Courts in this District have concluded the amount in controversy exceeds the jurisdictional amount when an insured seeks to recover double the amount of the covered benefits plus attorneys' fees pursuant to C.R.S. § 10-3-1116.  *See Cox v. Lincoln Nat'l Life Ins. Co.*, No. 10-cv-02544-CMA-MEH, 2010 U.S. Dist. LEXIS 134517, at *10 (D. Colo. Dec. 9, 2010) (amount in controversy satisfied when the plaintiff alleged the defendant was required to pay insurance benefits and asserted a claim for double damages under C.R.S. § 10-3-1116); *Washington v. American Family Mut. Ins. Co.*, No. 12-cv-02229-REB-KLM, 2013 U.S. Dist. LEXIS 51240, at *2-5 (D. Colo. Mar. 18, 2013) (a plaintiff's claim for statutory damages under C.R.S. § 10-3-1116, including attorneys'

[4]

fees, was sufficient for establishing the amount in controversy for purposes of removal). Thus, Plaintiff's claim for attorneys' fees is properly considered in determining the amount in controversy. *Washington*, 2013 U.S. Dist. LEXIS 51240, at \*2–5; *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) ("[t]he Supreme Court has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship").

12.    Moreover, counsel for Plaintiff will not stipulate to damages being less than $75,000.

13.    Thus, this Court has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b) because this is a civil action between citizens of different states and the matter in controversy exceeds a sum or value of $75,000, exclusive of interest and costs.

14.    Pursuant to 28 U.S.C. § 1441(a), this is the appropriate court for filing a Notice of Removal from the District Court for the County of Denver, Colorado, where the state court case was pending.

15.    Pursuant to 28 U.S.C. § 1446(d) and D.C.Colo.LCivR 81.1, this Notice of Removal has been sent to all other parties in this action and has been filed with the state court clerk's office. Within fourteen days of the filing of this Notice of Removal, American Family will file a current state court docket sheet (register of actions) and will separately file each pending motion, petition, and related response, reply, and brief. Copies of the

[5]

state court Complaint, Civil Case Cover Sheet, and Orders are submitted contemporaneously with this Notice pursuant to 28 U.S.C. § 1446(a).

16.    Pursuant to D.C.COLO.LCivR 3.1, a Civil Cover Sheet is being filed contemporaneously with this Notice of Removal.

17.    Pursuant to 28 U.S.C. § 1446(a), this pleading is being signed under Fed. R. Civ. P. 11.

DATED this 2nd day of June 2026.

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

*/s/ Brian P. Kershaw*
Katelyn S. Werner, Esq.
Brian P. Kershaw, Esq.
Kylie T. Hance, Esq.
216 16th Street, Ste. 1100
Denver, CO 80202
Telephone: 720-798-1620
Katelyn.werner@qpwblaw.com
Brian.kershaw@qpwblaw.com
Kylie.hance@qpwblaw.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above and foregoing was electronically filed with the Clerk of the United States District Court using the CM/ECF system this 2nd day of June 2026.

| | |
|---|---|
| James R. Anderson, Esq. | Bryant Paris, Esq. |
| Your Insurance Attorney, PLLC | FLC Law |
| 90 S. Cascade, Suite 1200 | 1430 S. Dixie Highway, Suite 317 |
| Colorado Springs, CO 80903 | Coral Gables, FL 33146 |
| Telephone: 719-886-1811 | Telephone: 305-874-0750 |
| Email: | Email: bp@flc-legal.com |
| janderson@yourinsuranceattorney.com | *Attorney for Plaintiff* |
| *Attorney for Plaintiff* | |

*/s/ Brian P. Kershaw*

[6]